NO. 07-07-0313-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 6, 2007

______________________________

IN THE INTEREST OF N.L.H., 

A Child 

_________________________________

FROM THE 242
ND
 DISTRICT COURT OF HALE COUNTY;

NO. B34203-0508; HON. ED SELF, PRESIDING

_______________________________

Order on Motion to Dismiss

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

This appeal involves a final order terminating the parent-child relationship between Amber Daugherty and her offspring.  Pending before the court is a motion to dismiss the appeal.  It was filed by the Texas Department of Family and Protective Services (the State) and seeks dismissal because Daugherty allegedly failed to tender a statement of points she intended to raise on appeal as mandated by §263.405(i) of the Texas Family Code.  We deny the motion.

           Section 263.405(i) states that an appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial.   
See
 
In re R.C.
, No. 07-06-0444-CV, 2007 Tex. App. 
Lexis
 3208 (Tex. App.–Amarillo, April 25, 2007, no pet.) (stating that unless the particular issues are included within such a statement, they are not preserved for review)
.  As can be seen, disclosure of the issues can be via either allegations contained in an independent document or via allegations incorporated into a motion for new trial.  And, while the statute refers to a “statement of points” we must be cautious against reading the provision too narrowly.  Indeed, authority impedes our ability to dismiss appeals simply for harmless procedural defects.  
Verburgt v. Dorner
, 969 S.W.2d 615, 616-17 (Tex. 1997).  Instead, we are to liberally, yet reasonably, construe procedural rules “so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of the rule.”  
Id.
  This would seem an appropriate admonishment to heed here given the gravity of the interests involved (
i.e.
 the termination of the constitutionally protected relationship between parent and child) and the presumption that the legislature intended the statute to be just and reasonable.  
Tex. Gov’t Code Ann
.
 §311.021(3) (Vernon 2005).  

Additionally, the record before us reveals that Daugherty moved for a new trial after issuance of the termination order.  In it she alleged, among other things, that the new trial was warranted because the “involuntary termination statute was not strictly construed in favor of the parent” as supposedly required.  Because it was not, she continued, she suffered harm under Texas Rule of Appellate Procedure 44.1(a)(1).  We acknowledge that those allegations were not listed under a heading titled “statement of points on appeal.”  Yet, it cannot be forgotten that the substance of a pleading or writing controls over the title or label appended to it.  
Rush v. Barrios
, 56 S.W.3d 88, 93 (Tex. App.–Houston [14
th
 Dist.] 2001, pet. denied).  Moreover, the allegations were in a motion for new trial, which is one of the ways in which an appellant could comply with §263.405(i).  And, they also informed the trial court of what Daugherty perceived to be the specific error which demanded redress.  Consequently, we cannot say that she failed to either abide by the intent or letter of §263.405(i) or preserve at least one issue for review.

The motion to dismiss is denied.

   

Brian Quinn

          Chief Justice